**Kathleen A. McCallister**
**Chapter 13 Trustee**
**P.O. Box 1150**
**Meridian ID 83680**
**(208) 922-5100 - Telephone**
**(208) 922-5599 - Facsimile**
kam@kam13trustee.com

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF IDAHO**

| | |
|---|---|
| IN RE: | CHAPTER 13 |
| JEFFREY GRANT JEROME | CASE NO. 16-01580-TLM |

**TRUSTEE'S AMENDED MOTION TO DISMISS FOR UNREASONABLE DELAY AND MATERIAL DEFAULT**

NOW COMES, Kathleen A. McCallister, the standing Chapter 13 Trustee for United States Bankruptcy Court for the District of Idaho, and as for her Motion to Dismiss states as follows:

1. The Debtor filed for Chapter 13 relief on December 16, 2016. This is the Debtor's second consecutive Chapter 13 proceeding, having filed case #16-01247 on September 23, 2016. The Debtor's prior case was dismissed on December 1, 2016 for failure to file schedules.

2. Debtor filed his original plan concurrently with his petition on December 16, 2016 and he has since filed amended plans on February 17 and March 24, 2017 (docket #34 and #43 respectively).

3. At the time of filing, Mr. Jerome was self-employed as an event manager however, upon information and belief, the Debtor no longer has a venue in which to hold events. Based on Debtor's Profit loss statements, the Debtor's business PHD Management has not had any income since July 2016.

4. A search of the Idaho Secretary of State's website for business entities reveals that the Debtor owns or has owned 16 different businesses since 2007. Of these businesses 9 are

currently listed as still existing. The Debtor's schedules lists that he currently owns only two businesses, Powerhouse Holding Company, LLC and PHD Management Company, LLC. Trustee has requested that Schedule B be amended to list debtor's interest on the other LLCs that he owns and the statement of financial affairs be amended to list his business interests as well. As of today's date the Debtor's schedules have yet to be amended to list Mr. Jerome's interest in these additional businesses nor have any information been provided about them to the Trustee. Trustee is unable to determine if the businesses have any value or generate any income.

5. According to Mr. Jerome, Powerhouse Holding Company currently has zero value and operates only as a holding company. Debtor indicates that the only asset of Powerhouse Holding Company is a lease purchase option on a building in Boise which is now expired.

6. PHD Management Company, LLC is the Debtor's event management company. Although Mr. Jerome indicates that his income is generated from PHD Management Company, the business has not generated any income although may have received funds from investors. PHD Management Company owns some equipment used for hosting events whose estimated value is between $4,800 and $8,000 but does not appear to have any account receivables, funds, or pending contracts.

7. Pursuant to the Debtor none of his other businesses are operating at this time although he may start them up in the future. Debtor indicated he is currently operating a business in Utah.

8. On May 16, 2017 and again July 5, 2017 the Debtor filed amended Schedules I and J (docket #51 and 55, respectively) indicating that he is now self-employed as a producer. The Trustee has repeatedly asked for proof of Mr. Jerome's current income from this change in professions and has yet to receive anything substantive to that effect. No profit and loss statement has been provided, nor has any business bank statements been provided to substantiate the $2,000 per month which the Debtor claims to receive from this line of work and therefore afford his plan payments.

9. Upon meeting with the Debtor and his counsel, Mr. Jerome disclosed that his primary source of income is currently the care of a disabled aunt's estate. Debtor provided documentation of a series of withdrawals from said estate in May and June 2017 but has yet to provide any further documentation that these withdrawals actually went to Mr. Jerome or of the continuing or regular nature of these payments from his aunt's estate. The Trustee is still without adequate proof of Mr. Jerome's income in a case which was filed in December 2016.

      10.  Although Trustee has continually requested proof of income the Debtor has provided an "Affidavit of no income." Trustee cannot recommend confirmation when Debtor has no income to be able to fund his plan.

      11. The Debtor is in material default in this case in the amount of $5,367, or three months. The Debtor made scheduled his October payment in the amount of $1,789 with TFS, but is in default for the months of May, July, and September 2017.

      12.  As of today's date the Trustee is not in a position to recommend confirmation as proof of current income has not been provided and the Debtor is in material default the sum of $5,367.  Said delay is unreasonable and is prejudicial to the creditors.

      WHEREFORE, the trustee respectfully requests that this case be dismissed or for such other relief as this court deems reasonable and fair.

DATED:  October 10, 2017

/s/      Kathleen McCallister
**Kathleen McCallister, Trustee**

## CERTIFICATE OF SERVICE

**I, HEREBY CERTIFY** that on October 10, 2017, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Office of the U.S. Trustee
ustp.region18.bs.ecf@usdoj.gov

John O Avery
Attorney at Law
joa@averylaw.net

**AND I FURTHER CERTIFY** that on such date I served the foregoing on the following non CM/ECF Registered Participants in the manner indicated:

Via first class mail, postage prepaid addressed as follows:

Jeffrey Grant Jerome
6702 Desert Ave
Boise, ID 83709

          **/s/** Matthew Mallard
**Matthew Mallard, Case Administrator**